Jewel V. IGE

v.

**CITY OF PHILADELPHIA SCHOOL DISTRICT**

**and**

**James J. Pastore, Principal, Simon Muhr Work Training School**

**and**

**Stanley Toll, Teacher, Simon Muhr Work Training School.**

Civ. A. No. 84–5724.

United States District Court, E.D. Pennsylvania.

Oct. 20, 1986.

Clifford B. Cohn, Philadelphia, Pa., for plaintiff.

Robert Lear, Philadelphia, Pa., for defendants.

## MEMORANDUM

DITTER, District Judge.

This is an employment discrimination case brought by a teachers' aide against a school district, a teacher, and the school principal. Presently before me is the defendants' motion for partial summary judgment.

Plaintiff, who started with the school district in 1971, was suspended in April, 1983, for making charges in the presence of a class that she had been sexually harassed by the teacher and for making threats against the principal. Plaintiff asserts that as a result of her suspension, she was hospitalized with emotional problems and thereafter discharged by the school district on the grounds that her resulting absence was unauthorized. Subsequently, she was reinstated and her employment continues.

On May 5, 1983, plaintiff filed a discrimination claim with the Equal Employment Opportunity Commission (EEOC), based on her suspension the month before. The EEOC transferred this complaint to the Philadelphia Commission on Human Relations (Philadelphia Commission) pursuant to 42 U.S.C. § 2000e–5. On December 9, 1983, the Philadelphia Commission dismissed plaintiff's complaint without holding a hearing. Plaintiff commenced this action on November 21, 1984, alleging wrongful discharge, breach of contract, employment discrimination in violation of the Pennsylvania Human Relations Act, 43 Pa.Stat.Ann. § 951 et seq. (Purdon 1964 & Supp.1986), and intentional infliction of emotional distress. She also brought a Title VII claim which the defendants have not challenged. Plaintiff claimed jurisdiction under Title VII, the principal of pendent jurisdiction, 28 U.S.C. § 1332, and 42 U.S.C. § 1983 although she did not allege diversity of citizenship nor a section 1983 claim in her complaint.

COUNT I. Unlawful Termination/Breach of Contract

In her complaint, plaintiff alleges she was the victim of two wrongs: first, sexual harassment and its condonation, and second, the termination of her employment. Count I deals with the termination of her employment and asserts that her discharge by the school district was "pretextual and an attempt to intimidate plaintiff from asserting her statutory rights." Because in Counts V and VI, plaintiff makes claims for damages arising from the sexual harassment itself, in Count I she is plainly alleging that her termination was designed to keep her from asserting whatever "statutory rights" she may have had as a result of being suspended.

Pennsylvania has developed a comprehensive administrative procedure for handling discrimination claims through the Pennsylvania Human Relations Act (PHRA), 43 Pa.Stat.Ann. § 951 et seq. (Purdon 1964 & Supp.1986). Among other things this act requires that claims for the vindication of rights protected by the PHRA be presented to a designated agency within a certain time frame. Here, plaintiff did not follow the required administrative procedure for preserving any claim that she was *terminated* to keep her from asserting "statutory rights." The only claim she presented administratively was her charge that she had been unlawfully *suspended*. Since the administrative proceeding is a prerequisite for PHRA claims, *Bruffet v. Warner Communications, Inc.*, 692 F.2d 910 (3d Cir.1982), the claim for termination asserted in Count I is barred if it is derived from the PHRA. That is the case.

The PHRA makes it an unlawful practice:

For any employer, ... to discriminate in any manner against any individual because such individual has ... made a

charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

43 Pa.Stat.Ann. § 955(d) (Purdons 1964). *See also* Phila.Code § 9–1103(A)(6) (unlawful to discriminate against any person who has brought a claim to the Philadelphia Commission). Clearly, plaintiff could have brought an administrative claim that she was discharged because she had made the charge that her suspension was an act of discrimination, but she did not do so. Having failed to pursue the required administrative procedure, plaintiff cannot now assert a common law cause of action in Count I arising out of her discharge.

COUNT III.

In Count III, plaintiff claims that her suspension in April, and her subsequent termination in October, 1983, violated "public policy prohibiting discrimination in employment and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq." As I have just pointed out, plaintiff can not maintain a common law claim based on the violation of a public policy derived from the PHRA. Rather, she must follow procedures authorized by statute.

Pursuant to 43 Pa.Stat.Ann. § 962.1 (Supp.1986), the City of Philadelphia established the Philadelphia Commission on Human Relations and granted it powers and duties similar to those of the Pennsylvania Human Relations Commission (Pennsylvania Commission). On December 9, 1983, the Philadelphia Commission denied plaintiff's claim which, as previously noted, was based on her suspension in April. Plaintiff instituted the present action on November 21, 1984. The Philadelphia Code provides however, that an appeal of an order by the Philadelphia Commission may be taken "to any court of competent jurisdiction within (30) days after the mailing of notice of such order to the aggrieved party or his attorney by the Commission." Phila.Code § 9–1107(10). Not having been brought within that 30-day period, plaintiff's appeal is barred. Plaintiff, however, argues that she should have one year after the Commission's decision to file suit as provided by the Pennsylvania Human Relations Act. 43 Pa.Stat. Ann. § 962(c) (Supp.1986). Even if I were to agree with plaintiff that the PHRA applies, her appeal is still barred. Section 962(c), while providing a one year statute of limitations period, only permits appeals from decisions by the Pennsylvania Commission to be taken to the courts of common pleas of Pennsylvania. Since Pennsylvania created plaintiff's rights, this court can not enlarge the state's grant of jurisdiction. Thus, plaintiff's claim in Count III under the PHRA is barred.

COUNT IV.

In Count IV, plaintiff alleges that the school district violated an implied covenant of good faith. In Pennsylvania, absent statutory, contractual, or public policy exceptions to the contrary, employment is terminable at will by either party. *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). Recently, the Pennsylvania Superior Court, in dicta, said that Pennsylvania courts have not created an implied good faith or just cause exception to the traditional employment-at-will rule. *Banas v. Matthews Int'l Corp.*, 348 Pa.Super. 464, 502 A.2d 637, 645 n. 7 (1985). *See also Darlington v. General Electric*, 350 Pa.Super. 183, 504 A.2d 306 (1986). Here, plaintiff does not allege that any custom, practice, or policy of the school district created a just cause or good faith requirement. *Wolk v. Saks Fifth Avenue, Inc.*, 728 F.2d 221 (3d Cir.1984); *Novosel v. Nationwide Ins. Co.*, 721 F.2d 894 (3d Cir. 1983). Nor has plaintiff alleged that her termination was within any of the public policy exceptions to the employment-at-will doctrine. *See Darlington, supra,* 504 A.2d at 319; *Yaindl v. Ingersoll Rand Co.*, 281 Pa.Super. 560, 422 A.2d 611 (1980). Thus, there is no legal basis for Count IV and it must be dismissed. However, I will grant plaintiff 20 days in which to file an amended complaint if she believes she can set forth the applicability of a statutory or public policy exception to the employment-at-will doctrine or the existence of an em-

ployment contract with a just cause termination requirement.

■ In plaintiff's response to defendants' motion for summary judgment, plaintiff for the first time asserted section 1983 claims against the defendants. Nowhere in the complaint, other than as a basis for jurisdiction, did plaintiff refer to section 1983 nor did she allege facts that would constitute a § 1983 claim. I will not review the merits of her 1983 allegations unless and until plaintiff amends her complaint to plead such claims properly. In civil rights cases a heightened pleading requirement is imposed upon a plaintiff to diminish the number of frivolous claims. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65 (3d Cir.1986). Under this standard, a plaintiff must plead a civil rights claim with factual specificity. I cannot piece together her allegations set forth in her response to defendants' motion to determine the basis for her section 1983 claim. However, if she files an amended complaint within 20 days, it may include any section 1983 claims she may care to assert.